UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NANCY NICOLOSI, | Case No. 1:06cv2462 |
| Plaintiff, | JUDGE O'MALLEY |
| v. | |
| FEDERAL RESERVE BANK OF CLEVELAND | OPINION AND ORDER |
| Defendant. | |

On October 18, 2006, Defendant Federal Reserve Bank of Cleveland (the "Bank") moved to dismiss plaintiff Nancy Nicolosi's ("Nicolosi") complaint. (See Doc. 3). Nicolosi filed her *Response Opposing Defendant's Motion to Dismiss* (Doc. 5) on November 24, 2006. On December 5, 2006, the Bank filed its *Reply in Support of Its Motion to Dismiss* (Doc. 6). The issues are now ripe for the Court's consideration.

**I.     BACKGROUND**

Plaintiff Nicolosi was employed by the Bank from approximately February 19, 2002 to June 22, 2004. On June 22, 2004, the Bank terminated Nicolosi citing her excessive absences as the reason for her discharge. According to Nicolosi, prior to her discharge she suffered from alcohol dependency and requested an accommodation for her disability. On September 8, 2006, Nicolosi filed a complaint against the Bank in the Cuyahoga County Court of Common Pleas. Pursuant to 12 U.S.C. § 632, the Bank removed the matter to this Court.

1

In her complaint, Nicolosi alleges, essentially, that the Bank indicated that she would be a long-term employee, but terminated her after a little over two years due to her dependency on alcohol and/or the absences resulting from that dependency. These sparse allegations provide the basis for the five causes of action Nicolosi asserts against the Bank: implied contract, promissory estoppel, intentional infliction of emotional distress, violation of public policy, and disability discrimination under Ohio Revised Code § 4112.99.

The Bank argues that, because Nicolosi's claims are all employment-related, state-law actions, they are preempted by the Federal Reserve Act.

## II.  LEGAL STANDARD.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Columbia Natural Res., Inc, v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing Allard v. Weitzman, 991 F.2d 136, 1239-40 (6th Cir. 1993)). This standard of review, "does require more than the bare assertion of legal conclusions." Id. (citing Allard, 991 F.2d at 1240). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (internal quotations and citations omitted). Further, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

## III.  DISCUSSION

"The pre-emption doctrine arises out of the Supremacy Clause of Article VI of the United

States Constitution, which dictates that federal law is the supreme law of the land." Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 562 (6th Cir. 1998) (citations omitted). There are three types of federal preemption: express preemption, field preemption, and conflict preemption. Id. At issue here are the principles of conflict preemption, which: "occurs either where it is impossible to comply with both federal and state law, or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' as reflected in the language, structure and underlying goals of the federal statute." Id. at 562-63.

The relationship between the Federal Reserve Bank of Cleveland and Nicolosi, as a former employee, is governed by a comprehensive federal statutory scheme. See 12 U.S.C. § 341 (Fifth). The Federal Reserve Act, 12 U.S.C. §§ 221 *et seq.* ("FRA"), permits the Bank "to dismiss at pleasure [its] officers or employees." The Sixth Circuit has twice considered whether the "dismiss at pleasure" language at issue in the FRA applies to preempt state-created employment rights. See Ana Leon T. v. Fed. Reserve Bank of Chicago, 823 F.2d 928, 930 (6th Cir. 1987); see also Arrow v. Fed. Reserve Bank of St. Louis, 358 F.3d 392 (6th Cir. 2004) (stating that Leon "held that the 'at pleasure' clause in the Federal Reserve Act preempted employment rights created by state law. There being no principled basis on which to distinguish Leon, we are obliged to follow its holding."). In both instances, the Sixth Circuit held specifically that employment-related claims based in state law are preempted by the FRA. See Leon, 823 F.2d at 930 (holding that the FRA preempted a national-origin discrimination claim based in Michigan state law); see also Arrow, 358 F.3d at 393 (holding that the FRA preempted gender and disability claims grounded in Kentucky state law).

Nicolosi offers two arguments in rebuttal: (1) that her claims are not expressly preempted

3

by the language of the FRA; and (2) that Congress did not intend for the FRA to supersede state-law discrimination claims. Nicolosi's first argument plainly misses the mark as neither the Bank's arguments nor the holdings of Leon and Arrow are premised upon the doctrine of *express* preemption. In support of her second argument, Nicolosi cites, *inter alia*, Mueller v. First Nat'l Bank of Quad Cities, 797 F.Supp. 656, 663 (C.D.Ill 1992).[1] Nicolosi argues that Mueller and a number of other decisions have held that the "at pleasure" language at issue does not insulate Federal Reserve Banks from state-law based employment discrimination actions. The Court's own research reveals that there may indeed be a split among certain Circuit Courts of Appeals as to whether the FRA (or similar "at pleasure" language in federal banking statutes) preempts such actions. Compare Leon, 823 F.2d 928; Arrow, 358 F.3d 392; with Kroske v. U.S. Bank Corp., 432 F.3d 976 (9th Cir. 2005); Evans v. Fed. Reserve Bank of Philadelphia, No. Civ.A.03-4975, 2004 WL 1535772, at *3-*4 (E.D. Pa. July 08, 2004) (recognizing a disagreement). Assuming that a disparity exists within the Circuit Courts of Appeals, however, this Court would still be bound by the recent decisions of the Sixth Circuit in Arrow and Leon.

After reviewing Nicolosi's complaint, the Court finds that her claims, whether statutory or

---

[1] At the outset, the Court notes that Mueller is not only non-binding, but entirely inapplicable. Mueller addresses a conflict between federal laws (the National Bank Act, ERISA, and the ADEA) and relies upon principles of statutory construction, it does not implicate the Supremacy Clause. Mueller, 797 F.Supp. at 660-61.

4

common law, all arise from a singular event: the decision of the Bank to terminate her employment.[2] All of Nicolosi's claims, therefore, conflict with the "at pleasure" standard established by the FRA. Leon, 823 F.2d 928; Arrow, 358 F.3d 392. This Court, moreover, like the Sixth Circuit in Arrow, cannot find a "principled basis on which to distinguish" the binding precedent set forth above which found disability, gender, and national-origin claims to be preempted by the FRA. Therefore, because all of Nicolosi's state-law causes of action are preempted by the FRA, her complaint fails to state a claim for which relief can be granted.

### IV.     CONCLUSION.

For the reasons discussed above, Plaintiff's complaint is **DISMISSED.**

**IT IS SO ORDERED.**

                                       s/Kathleen M. O'Malley
                                       **KATHLEEN McDONALD O'MALLEY**
                                       **UNITED STATES DISTRICT JUDGE**

**Dated: February 28, 2007**

---

[2] To the extent Nicolosi's claims have a basis other than alcohol-related discrimination (perhaps sounding in contract) they are clearly preempted. The Circuits recognize that, "the 'dismiss at pleasure' language" preempts state laws providing contractual employment rights, the disagreement stems only from certain courts' perception that, "there is nothing to indicate that Congress intended to preempt state laws prohibiting discrimination in employment." Evans, 2004 WL 1535772, at *3. The preemption of Nicolosi's quasi-contractual claims, therefore, is a simpler issue. As discussed above, moreover, the Sixth Circuit's precedent also disposes of Nicolosi's state-law, discrimination-based claims.